### DALIN v. WATSON, Commissioner of Patents.
### No. 11479.

United States Court of Appeals
District of Columbia Circuit.

Argued April 8, 1953.

Decided May 14, 1953.

**WASHINGTON, Circuit Judge.**

This is a patent application case, relating to an apparatus for distilling gases from oil shale.[1] Its main features are an upright combustion shaft, an upright retort, and a means of controlling temperatures in the shaft and retort by the use of a network of ducts through which fluid circulates.[2] The Patent Office denied a patent. The District Court found that there was no invention displayed, in view of the disclosures in the patents to Bergh (No. 1,618,566) and Edling (No. 2,504,508).[3] We think these findings have ample basis in the record.

Appellant says that certain mechanical features of Bergh, claimed by the latter to be capable of controlling the temperature in the combustion zone,[4] were not in fact effective to prevent sintering, that is, plasticizing or clinkering, of the fuel and the material being distilled. He claims high efficiency in this regard for his own structure. But an applicant for a device or structure patent must show novel and distinguishable mechanical features in his own apparatus: lacking this, added efficiency in reaching desired effects does not

Ira Milton Jones, Milwaukee, Wis., with whom James H. Littlepage, Washington, D. C., was on the brief, for appellant.

S. William Cochran, Attorney, United States Patent Office, Washington, D. C., with whom E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

1. Suit was brought under Rev.Stat. § 4915 (1875), as amended, 35 U.S.C. § 63 (1946). That section was repealed by Section 5, Act of July 19, 1952, c. 950, 66 Stat. 815, and is now replaced by 66 Stat. 803, 35 U.S.C.A. §§ 145, 146.

2. The application is Serial No. 648,796, of which appellant is assignee. Claim 23, which the parties agree is critical to the case, reads as follows:

   "23. In a device for the dry distillation of materials: an upright combustion shaft in which fuel is adapted to be burned to provide the heat necessary for distillation; an upright retort in said combustion shaft at least the lower portion of which is embedded in the fuel in the shaft, said retort being adapted to contain material to be distilled by the heat of combustion in the shaft; and means for controlling the temperatures in the shaft and the retort to preclude attainment of temperatures therein at which sintering of the fuel and the distillant takes place, said means comprising a network of ducts through which a heat absorbing fluid circulates, certain of said ducts being embedded in the fuel in the shaft and dispersed at intervals transversely of the shaft so that the influence of the heat absorbing fluid circulating through them emanates from a number of sources spaced transversely throughout the bed of fuel in the shaft, and the remaining ducts being arranged in juxtaposition to the walls of said embedded portion of the retort."

3. The District Court held (1) that the application does not reveal invention over the Bergh patent, and (2) that it does not define invention "over the Bergh patent in view of Edling."

4. The main outline of Bergh's furnace is roughly similar to that of appellant. Bergh included a bar 15 which was placed below the row of retorts. The Bergh application (at column 2, line 82) says that bar 15 "preferably is constructed hollow and provided with an inlet pipe 16 and an outlet pipe 17 for air or water, in order to cool the bar." Bergh's application goes on to say "The temperature of the coke residue in the lower part of the retort can thereby be regulated within a certain range, which reacts on the distilling process."

732

create patentability. General Electric Co. v. Wabash Appliance Corp., 1938, 304 U. S. 364, 58 S.Ct. 899, 82 L.Ed. 1402. And the inefficiency of an old machine need not destroy its significance as a disclosure. In re Japikse, 1950, 181 F.2d 1019, 37 C.C. P.A., Patents, 1026. Even if Bergh's structure be considered practically ineffective, by reason of its lack of control over sintering, that lack can be supplied by Edling's concept, namely, the use for that purpose of a series of pipes embedded in the combustion zone.[5] Combining the teachings of these two patents would not constitute invention.

For these reasons, the judgment of the District Court will be

Affirmed.

---

5. The patent to Edling covered a "magazine furnace and method of burning fuel having a low sintering temperature." Edling shows a combustion chamber having walls "covered with water or steam tubes * * * or cooled by other means." (Application, column 2, line 48). Claim 4 of Edling covers "the step of circulating fluid heat absorbing medium in juxtaposition to, but not in contact with, fuel in the zone of combustion in sufficient volume and quantity to maintain the temperature of the fuel in said zone below the sintering temperature thereof." (Application, column 6, line 33). This can fairly be read on appellant's Claim 23, supra note 1.